UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HENDRIX,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTH AND SOCIAL SERVICES OF SOLANO COUNTY, et al.,<br><br>    Defendants. | No. 2:15-cv-2689-MCE-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Defendants Solano County, Gerald Huber, Aaron Crutison, Cameo Motley, Erica Mitchell, Suzanne Kiesz, and Brandi Moore move to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 8, 10(b), and 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e).[1] ECF No. 35. After that motion was fully briefed, plaintiff filed a motion to remove defendants Crutison, Kiesz, and Moore from this action, which the court construes as a motion to amended the complaint pursuant to Rule 15. ECF No. 44. For the reasons explained below, it is recommended that the motions be granted.[2]

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of the pending motions and the matter was ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

I.     Motion to Amend

Plaintiff moves to dismiss his claims against defendants Crutison, Kiesz, and Moore because he does not believe that there is sufficient evidence to pursue his claims against these defendants. ECF No. 44 at 1. The court construes the motion as one to amend the complaint pursuant to Rule 15. *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687-88 (9th Cir. 2005) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.") (quotations and modification omitted); *Gen. Signal Corp v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims."). Defendants have filed a statement of non-opposition to plaintiff's motion. ECF No. 45.

Rule 15 requires that leave be freely given, Fed. R. Civ. P 15(a)(2), and this policy is to be applied with "extreme liberality," *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Given this policy, and in light of defendants' non-opposition, it is recommended that plaintiff's motion be granted and all claims against defendants Crutison, Kiesz, and Moore be dismissed.

This leaves for consideration the remaining defendants' motion to dismiss for failure to state a claim.

II.    Defendants' Motion to Dismiss

Defendants argue that plaintiff's first amended complaint fails to allege sufficient facts to support a claim for relief and must be dismissed pursuant to Rule 12(b)(6). ECF No. 35-1 at 2-5. Defendants also contend that the amended complaint violates Rule 8 and Rule 10(b) because it does not contain a short and plain statement showing entitlement to relief; its allegations are not simple, concise, and direct; and it fails to separate each claim founded on a separate transaction into a separate count. *Id*. at 2-4.

/////

/////

/////

A. First Amended Complaint's Allegations

Liberally construed, plaintiff alleges the County of Solano and six employees of the County's Department of Health and Social Services violated his civil rights by creating and "using a Detention Report" that "consisted of a multifarious number of errors due to negligent/intentional fraudulent reporting, contradictions in evidence, illegal use of hearsay, intentional omissions of facts [and] police reports." *Id*. at 4-5. He alleges that defendants submitted this fraudulent report to the California Department of Justice, which resulted in his name being placed in the Child Abuse Central Index ("CACI"). *Id*. at 6.

He alleges that as a result of being placed on the CACI, he lost his job as a substitute teacher, became homeless, was attacked by a dog, and was arrested for a firearm related offense. *Id*. at 6-8, 10. The amended complaint's caption page indicates that this action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3)[3]. The complaint does not identify separate causes of action, but does allege that defendants violated plaintiff's First Amendment right to freedom of speech, Fourth Amendment right to be free from unreasonable search and seizure, right to due process under the Fourteenth Amendment, and rights under the Sixth Amendment by the "Use of Hearsay." *Id*. at 6, 21. The complaint's prayer for relief also appears to assert state law claims for defamation, negligence, and intentional and negligent infliction of emotional distress. *Id*. at 18-20. 22.

B. Legal Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

---

[3] Plaintiff actually cites "42 U.S.C. 1985(c)." *See* ECF No. 21 at 1, 5. Section 1985, however, does not contain a subsection "c." Instead, the statute's three subsections are labeled as 1-3. *See* 42 U.S.C. § 1985.

236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

/////

/////

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

  C. Plaintiff's Claims

    1. 42 U.S.C. § 1983

Plaintiff alleges a § 1983 claim against all defendants, claiming that his rights under the First, Fourth, Sixth, and Fourteenth Amendments were violated. ECF No. 21 at 6.

To state a section 1983 claim, plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

Plaintiff alleges that defendants violated his First Amendment "rights to Freedom of Speech and the Press." ECF No. 21 at 6. The complaint, however, does not identify any conduct by the individual defendants that was taken for the purpose of deterring plaintiff's speech. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916 (9th Cir. 2012) (to succeed on a claim for violation of the right to freedom of speech, "a plaintiff must provide evidence showing that by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct."). The complaint is also devoid of any allegations indicating that this case involves the press. In a similar vein, plaintiff alleges that defendants violated his Fourth Amendment right to be free from unreasonable searches and seizers (ECF No. 21 at 6), but fails to allege that any of the defendants searched or seized plaintiff or his property. He also claims that defendants violated the Sixth Amendment through the "Use

5

of Hearsay" (*id*.), but fails to provide any facts to support this conclusion.[4] Accordingly, plaintiff fails to state section 1983 claims for violation of the First, Fourth, and Sixth Amendments.

Plaintiff also fails to allege sufficient facts to establish that defendants violated his right to due process under the Fourteenth Amendment. To state a procedural due process claim, a plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). At a minimum, the procedural safeguards must include "an opportunity to be heard at a meaningful time and in a meaningful manner." *Brewster v. Bd. of Edu. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998). Plaintiff claims that defendants signed "a document that listed me as a 'Child Abuser' with the Department of Justice, Child Abuse Central Index . . . . *one single day* before my court hearing, violating my right to Due Process." ECF No. 21 at 6. Plaintiff, however, fails to allege facts showing that he was denied procedural safeguards in conjunction with his name being added to the CACI. In fact, other allegations indicate that not only was he afforded notice and an opportunity to be heard, but that he was ultimately successful in removing his name from the CACI. Plaintiff specifically alleges that his name "was removed from the CACI database after a hearing before a judge." ECF No. 21 at 13.

Plaintiff also fails to state a § 1983 claim against defendant Solano County. A municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Local government entities may not be held vicariously liable under

---

[4] Plaintiff does allege the "Detention Report" consisted of "illegal use of hearsay," but he provides no other information regarding the alleged hearsay. ECF No. 21 at 4-5. Thus, the basis for his Sixth Amendment claim is not evident from the complaint. Plaintiff may be attempting to assert a Sixth Amendment Confrontation Clause claim, but this is far from clear especially considering that plaintiff does not allege that his rights were violated in conjunction to a criminal prosecution. *See United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005) ("[T]he Sixth Amendment applies only to 'criminal prosecutions.'").

section 1983 for the unconstitutional acts of its employees under a theory of *respondeat superior*. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

Plaintiff alleges that "SOLANO COUNTY is listed as a Defendant as it is under its authority that the Defendants' [sic] were able to violate my Civil Rights." ECF No. 21 at 17. This allegation is insufficient to demonstrate that plaintiff's rights were violated pursuant to a policy or custom.

Accordingly, plaintiff fails to state a § 1983 against defendants.

2. 42 U.S.C. 1985(3)

Plaintiff also purports to assert a claim for conspiracy under 42 U.S.C. § 1985(3). Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). The first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985). Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied*, 493 U.S. 817 (1989).

As discussed above, plaintiff fails to state a § 1983 claim. Consequently, his § 1985(3) claim also fails.

/////
/////
/////

### 3. State Law Claims

In the first amended complaint's prayer for relief, plaintiff alludes to various state law causes of action, including claims of defamation, negligence, and intentional and negligent infliction of emotional distress. ECF No. 21 at 18-20, 22.

As plaintiff has failed to state a federal claim for relief, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009); *Albingia Versicherungs A .G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28 U .S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

As discussed above, all of plaintiff's federal claims must be dismissed. Furthermore, the first amended complaint fails to establish diversity of the parties. *See* 28 U.S.C. § 1332 (requiring diversity of the parties to confer subject matter jurisdiction). Indeed, it appears that all parties reside in California and that diversity jurisdiction is lacking. *See* ECF No. 21 at 1-4. Accordingly the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

### III. Leave to Amend

Because it is not clear whether leave to amend would be futile, the dismissal must be with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall

clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Failure to timely file a second amended complaint will result in a recommendation that this action be dismissed.

IV.     Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion to dismiss certain defendants, construed as a motion to amend the complaint (ECF No. 44), be granted and defendants Crutison, Kiesz, and Moore be dismissed;

2. Defendants' motion to dismiss the first amended complaint (ECF No. 35) be granted;

3. Plaintiff's first amended complaint be dismissed with leave to amend, as provided herein; and

/////

/////

/////

4. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file a second amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 12, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE