UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HENDRIX,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH AND SOCIAL SERVICES OF SOLANO COUNTY, et al.,<br><br>Defendants. | No. 2:15-cv-2689-MCE-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This case was before the court on February 7, 2018, for hearing on defendants County of Solano, Gerald Huber, Cameo Motley, and Erica Mitchell's motion to dismiss some, but not all, of the claims in the second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and their motion to strike portions of the SAC complaint pursuant to Rule 12(f).[1] ECF No. 58. Attorney Martha Stringer appeared on behalf of defendants; plaintiff failed to appear.[2] For the reasons explained below, defendants' motion to dismiss should be granted and their motion to strike should be denied.

/////

---

. [1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Shortly after the hearing plaintiff filed a letter in which he explains that his failure to appear was due to a calendaring error. ECF No. 68.

1

I.       Second Amended Complaint's Allegations

The second amended complaint alleges that plaintiff was formerly the guardian of his minor sister, SJR. ECF No. 54 ¶ 9. In May 2015, SJR notified a school psychologist that she had been emotionally abused by plaintiff. *Id.* ¶ 10. The psychologist reported the incident to the County of Solano, which conducted an investigation into the alleged abuse. *Id.* Ultimately, the allegation was determined to be unfounded. *Id.* In August 2015, SJR made a second allegation of abuse, which was also reported to the County of Solano. *Id.* ¶ 11. This second allegation was identical to the unfounded allegation SJR made in May. *Id.* Solano County commenced an investigation, which was conducted by defendant Motley. *Id.*

Pursuant to the investigation Motley interviewed plaintiff at his home. *Id.* ¶ 13. Plaintiff claims that during the interview Motley acted "profoundly unprofessional, rude, demanding and abusive." *Id.* Plaintiff then decided to search for information about Motley on the internet and came across Motley's Twitter page, which allegedly included posts containing the names of children from her social work cases, inappropriate statements about impoverished children, and abusive and threatening language. *Id.* ¶ 14; *see also id.* at 60-64.

Plaintiff asserts that he notified Motley's supervisor, defendant Mitchell, about the statements Motley had made on social media, *id.* ¶ 15, but no disciplinary action was taken. The offending Twitter page, however, was subsequently removed. *Id.* Plaintiff alleges that in retaliation for reporting the Motley's social media posts, Motley and Mitchell conspired to create a detention report containing false statements. *Id.* ¶¶ 17-19. Specifically, plaintiff claims that the detention report falsely stated, among other things, that plaintiff: has a "history of abusing prescription medication and has been flagged by Kaiser Pharmacies;" he parties with his minor sister until 4 a.m.; and he took an axe and cut a table in half. *Id.* ¶ 23. The detention report was allegedly submitted to the Solano County Superior Court, which resulted in plaintiff losing custody of SJR. *Id.* at ¶¶ 21-22, Ex. 1 (ECF No. 54 at 23-26).

Plaintiff further claims that defendants submitted a document to the California Department of Justice stating that plaintiff is a "Child Abuser." *Id.* ¶ 17. He alleges that as a result, his name

/////

was placed on the Child Abuse Central Index ("CACI"), and he is now precluded from working as a substitute teacher, which was his profession from 2003 through 2015. *Id*. ¶¶ 19, 37.

On October 8, 2015, a jurisdiction/disposition hearing was held regarding the detention report. *Id*. ¶ 35. At the hearing, three of the four allegations made in the report were dismissed. *Id*. Plaintiff was allegedly advised by his attorney not to challenge the remaining allegation as the County had agreed to remove his name form the CACI if he accepted the allegation as "substantiated." *Id*. Plaintiff accepted the offer and his name was eventually removed from the CACI.

Plaintiff asserts claims for violation of his civil rights under 42 U.S.C. §§ 1983 and 1985, as well state law claims.

II. Defendants' Motion to Dismiss

A. Rule 12(b)(6) Legal Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co*., 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

B. Discussion

1. 42 U.S.C. § 1983

Plaintiff claims that defendants' conduct violated his rights under the First, Fourth, Sixth, and Fourteenth Amendments. ECF No. 54. Defendants move to dismiss all § 1983 claims against defendant Huber and his Sixth and Fourteenth Amendment claims against defendants County of Solano, Mitchell, and Motley.[3] ECF No. 58-1 at 4-6.

a. Defendant Huber

Defendants first argue that plaintiff's § 1983 claims against Huber must be dismissed because the SAC fails to allege that Huber personally participated in the violation of plaintiff's civil rights. ECF No. 58-1 at 4.

To state a § 1983 claim, plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant,

/////

---

[3] Defendants do not move to dismiss plaintiff's First and Fourth Amendments claims asserted against defendants County of Solano, Mitchell, and Motley. *See* ECF No. 54 at 16.

4

through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 679.

        The SAC's allegations against Huber are sparse. Plaintiff alleges that Huber is the director of the Department of Health and Social Services, Child Welfare Services for the County of Solano. ECF No. 54 ¶ 5. He claims that his attorney sent Huber a letter requesting his name be removed from the CACI. *Id*. ¶ 33. He further alleges that Huber "was negligent because he has been informed about [plaintiff's] case and he refused to review it." Lastly, plaintiff alleges that Huber "should have taken notice when informed directly by [plaintiff's] attorney and stopped the irresponsible and malicious actions of his staff." *Id*.

        It is clear from these allegations that plaintiff's § 1983 claims against Huber are based on his role as a supervisor, not his personal involvement in the acts allegedly violating plaintiff's rights. Accordingly, plaintiff's § 1983 claims against Huber must be dismissed without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

        b.      <u>Sixth Amendment</u>

        Plaintiff also claims that defendants violated his rights under the Sixth Amendment. ECF No. 54 at 9. Liberally construed, the SAC alleges that the detention report prepared by Motley and Mitchell contained hearsay and therefore should not have been used in state court custody proceedings. *Id*. His reference to hearsay and the Sixth Amendment suggests a claim that his federally protected rights under the Confrontation Clause were violated. Plaintiff claims that misrepresentations in the detention report "indicate[] use of deception to build a biased case with Hearsay, a violation of [plaintiff's] 6th Amendment." *Id*. ¶ 23(d). The detention report also allegedly contained false statements, which led to further persecution and constituted "a violation of [plaintiff's] 6th Amendment Right and negligent reporting." *Id*. ¶ 23. Plaintiff says that the detention report's false statement regarding an altercation with his wife and child shows that "[h]earsay [was] taken from a source that was not present, another violation of [plaintiff's] Civil Rights under the 6th Amendment [right] to face [plaintiff's] accuser." *Id*. ¶ 23(f).

5

Defendants' motion to dismiss points out that plaintiff does not allege that he was involved in a criminal prosecution and therefor the that Confrontation Clause is inapplicable. "[T]he Sixth Amendment's Confrontation Clause gives criminal defendants the right to confront 'testimonial' witnesses." *United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005). It simply does not apply to civil proceedings as alleged here. *Id*. ("[T]he Sixth Amendment applies only to 'criminal prosecutions.'"). Like plaintiff's prior complaints, the SAC does not concern a criminal prosecution. Accordingly, plaintiff Sixth Amendment claim against the County of Solano, Mitchell, and Motley must be dismissed without leave to amend. *See Noll*, 809 F.2d at 1448.

### c. Fourteenth Amendment

Plaintiff also claims that defendants violated his right to procedural due process by having his name added to the CACI without first providing him with a hearing before a judge. ECF No. 54 ¶ 28. Defendants argue that plaintiff fails to state a due process claim because the factual allegations of his complaint demonstrate that he was afforded appropriate procedural safeguards. ECF No. 58-1 at 5.

California's Child Abuse and Neglect Reporting Act ("CANRA") "requires certain classes of individuals (mandatory reporters) to report known or suspected child abuse or neglect to a child protective agency." *People ex rel. Alzayat v. Hebb*, 18 Cal. App. 5th 801, 821 (2017). The Act also requires the California Department of Justice to maintain an index of all reports of child abuse and severe neglect, which is called the Central Abuse Central Index. Cal. Penal Code § 11170. The information contained on CACI is not available to the general public, but is made available to a wide variety of agencies and entities, including, but not limited to, law enforcement, court appointed special advocates, and agencies providing licenses for childcare. Cal. Penal Code § 11170(b)(3)-(10).

Agencies that receive reports of abuse are required to investigate and notify the DOJ of any allegations of abuse that are "substantiated." The submitting agency, not the California DOJ, is responsible for the accuracy, completeness, and retention of the reports. Cal. Penal Code § 11170(a)(2). Cal. Penal Code 11169(d) provides that any person listed on the CACI has the

/////

6

right to a hearing before the agency that requested his inclusion on the CACI to challenge his inclusion on the list.

In this context, plaintiff has a constitutionally protected liberty interest in being free from the stigma of being wrongfully listed in the CACI as a child abuser. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1185-86 (9th Cir. 2009), *overturned in part on other grounds by Los Angeles County, California v. Humphries*, 562 U.S. 29 (2010) ("The CANRA both stigmatizes the [plaintiffs] and creates an impediment to [their] ability to obtain legal rights. [Plaintiffs] have asserted the existence of a sufficient liberty interest under the stigma-plus test, of which they may not be deprived without due process of law."). Thus, plaintiff's due process claim turns on whether he was deprived of that interest without adequate procedural safeguards. *See Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (to state a procedural due process claim, a plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.").

In *Humphries*, the plaintiffs, who were parents wrongfully accused of abusing their child, claimed that their due process rights were violated after their names were added to the CACI. After criminal abuse charges and juvenile detention proceedings were dismissed, the plaintiffs sought to removal of their names from the CACI. However, the Act's framework at that time provided no viable procedures for the parents to challenge their inclusion on the CACI. The parents brought suit under § 1983 against Los Angeles County, which was responsible for reporting the alleged abuse to DOJ.

The Ninth Circuit held that "[t]he lack of any meaningful, guaranteed procedural safeguards before the initial placement on CACI combined with the lack of any effective process for removal from CACI violates the [plaintiffs] due process rights." *Id*. at 1200. The court, however, did not hold that a hearing is required prior to listing an individual on CACI. To the contrary, the Ninth Circuit explained that:

> The state has a great deal of flexibility in fashioning its procedures, and it should have the full range of options open to it. We do not hold that California must necessarily create some hearing prior to listing individuals on CACI. At the very least, however, California must promptly notify a suspected child abuser that his name is on the

7

> CACI and provide "some kind of hearing" by which he can challenge his inclusion. See Goss v. Lopez, 419 U.S. 565, 578, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); Henry J. Friendly, "Some Kind of Hearing," 123 U. Pa. L.Rev. 1267 (1975) (discussing the various forms that a hearing can take). The opportunity to be heard on the allegations ought to be before someone other than the official who initially investigated the allegation and reported the name for inclusion on the CACI, and the standards for retaining a name on the CACI after it has been challenged ought to be carefully spelled out.

*Id*. at 1201.

Following *Humphries*, California amended the CANRA to provide a process for challenging an individual's inclusion in the CACI. Specifically, the Act now provides that "any person who is listed on the CACI has the right to a hearing before the agency that requested his or her inclusion in the CACI to challenge his or her listing on the CACI. The hearing shall satisfy due process requirements. It is the intent of the Legislature that the hearing provided for by this subdivision shall not be construed to be inconsistent with hearing proceedings available to persons who have been listed on the CACI prior to the enactment of the act that added this subdivision." Penal Code § 11169(d). Courts have found that the procedural safeguards provided by § 11169(d) are sufficient to comply with the Fourteenth Amendment's due process standards. *See Mann v. County of San Diego*, 2013 WL 4046642, at *18 (S.D. Cal. Aug. 8, 2013); *Prasad v. Santa Clara Department of Social Services*, 2014 WL 3369575, at * (N.D. Cal. July 8, 2014).

Here, not only did plaintiff have an opportunity to avail himself of the hearing process for challenging his inclusion in the CACI, he specifically alleges that his name was removed from the CACI. ECF No. 54 ¶ 19. Because plaintiff specifically alleges facts showing that he was afforded sufficient procedural safeguards, his due process claim against County of Solano, Mitchell, and Motley necessarily fail and must be dismissed without leave to amend. *See Noll*, 809 F.2d at 1448.

    2. <u>42 U.S.C. 1985(3)</u>

Plaintiff also purports to assert a claim against defendants for conspiracy under 42 U.S.C. § 1985(3). ECF No. 54 at 5-6, 12.

Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the

8

laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). As plaintiff was previously informed, the first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *See* ECF No. 52 at 7; *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985).

The SAC is devoid of any allegation even suggesting a conspiracy predicated on class-based discrimination despite the court previously notifying plaintiff that such discrimination is an element of a § 1985(3) claim. His § 1985 claim must therefore be dismissed without leave to amend. *See Noll*, 809 F.2d at 1448.

### 3. State Law Claims

Plaintiff references in the prayer for relief state law claims for negligence, defamation, loss of consortium, and intentional and negligent infliction of emotional distress. ECF No. 54 at 16-17. Defendants seek dismissal of any such claims, arguing that plaintiff failed to comply with the California Government Claims Act ("GCA"). ECF No. 58-1 at 2-3.

The Government Claims Act ("GCA") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2. Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's state law claims. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege in the complaint compliance with the claim presentation procedure, or circumstances excusing such compliance. *Id.* This requirement applies in federal court as well. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

/////

9

The second amended complaint fails to allege compliance with GCA.  Further, plaintiff's filings in opposition to motion show that, contrary to his argument, he did not file a claim with the County of Solano.  Although he argues that he "did present a written complaint which was reviewed by the County Counsel of COUNTY OF SOLANO . . . ." (ECF No. 65-1 at 2) he further explains that the county "was provided written notice regarding [his] claim prior to [its] assessment as indicated by" a letter from county counsel, which is attached to plaintiff's opposition.  *Id*. at 65-1 at 2.  The letter notes that plaintiff sent various emails to Child Welfare Services staff, which were forwarded to county counsel.  *Id*. at 10.  County counsel also explained that it was her understanding that plaintiff intended to file a lawsuit, and therefore she enclosed "a Government Code claim form for [plaintiff's] use."  ECF No. 65-1 at 10.  County counsel further states that she is representing all of the Child Welfare Services staff members, and requested that all communications be directed at counsel.  She further requested that plaintiff "cease making telephone calls or sending emails to any and all Child Welfare Services staff."  *Id*.

Rather than supporting plaintiff's position, the letter indicates that plaintiff was informed how to comply with the GCA but failed to do so.  California Government Code § 915 requires that claims be presented to local public entities by (1) delivering it to the clerk, secretary or auditor of the agency, or (2) delivering it to the clerk, secretary, or auditor at its principal office.  Cal. Gov't Code § 915(a).  However, even where these procedures are not followed, a claim shall be deemed presented if it is actually received by the clerk, secretary, auditor, or board of the local public entity.  Cal. Gov't Code § 915(e).  The written claim shall include: (1) the name and post office address of the claimant, (2) the address to which the person presenting the claim desires notices be sent, (3) the date, place, and other circumstances of the occurrence giving rise to the claim, (4) a general description of the injury incurred, (5) the names of the public employees causing the injury, and (6) a calculation of damages, if damages are less than $10,000.  Cal. Gov't Code § 910.

The letter merely demonstrates that plaintiff was calling and emailing county employees with threats of suit.  It does not demonstrate that any of his communications included the information required by § 910, nor does it appear that his communications were directed at the

clerk, secretary, or auditor of the agency as required by § 915(a). Given that the letter is the basis for plaintiff's contention that he complied with the GCA, dismissal without leave to amend is appropriate. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.")

III.   Motion to Strike

Defendants also move to strike portions of the SAC's prayer for relief and one of its exhibits. ECF No. 58 at 7-9.

  A.   Rule 12(f) Standards

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994). A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question. *Id.* Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." *Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007) (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005)). Finally, a matter is scandalous if it improperly casts a derogatory light on a party or other person. *Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D.N.J. 1984); *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 665 (7th Cir. 1992). As with motions to dismiss for failure to state a claim, when ruling upon a motion to strike, the court must view the pleading under attack in the light more favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000); *Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp.2d 1200, 1207 (S.D. Cal. 2007).

  B.   Discussion

First, defendants move to strike the items in the prayer for relief at numbers 1, 2, 4, and 5. These sections, rather than identifying a specific claim for relief, is where plaintiff asserts his

11

state law claims for negligence, defamation, intentional and negligent infliction of emotional distress, and loss of consortium. ECF No. 54 at 16-17. As discussed above, plaintiff's state law claims must be dismissed for failure to comply for failure to state a claim. It is therefore unnecessary to also strike these claims.

Next, defendants move to strike plaintiff's request for judicial review of CACI placement procedure and an investigation into Motley and Mitchell's conduct to decide whether they are fit work for the county. Defendants contend that plaintiff has failed to satisfy the requirements for obtaining injunctive relief, including establishing that he will suffer irreparable harm absent such relief. ECF No. 58-1 at 8. Plaintiff has not moved for a preliminary injunction and he has yet to succeed on any of his claims. Thus, it would be premature at this juncture to assess the propriety of the relief plaintiff seeks. In any event, it is not appropriate to strike this portion of the complaint. If plaintiff files a motion for injunctive relief, defendants will have the opportunity to file an opposition.

Lastly, defendants move to strike exhibit 3 to the SAC and all references to the exhibit. Defendants argue that it should be stricken because it contains profanity and other salacious words and phrases. ECF No. 58-1 at 8-9. Exhibit 3 contains the statements defendant Montley posted on her twitter account. The document contains several inappropriate statements, but the statements appear to be central to plaintiff's First Amendment claim, which defendants did not move to dismiss.[4] Moreover, the statements posted by Montley, while inappropriate, do not rise to the level of detracting from the dignity of the court. *See Tucker v. American Int'l Group*, Inc., 936 F. Supp. 2d 1, 16 (D. Ct. 2013) ( "With respect to a motion to strike 'scandalous' material, 'a scandalous allegation' has been described as 'one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court.").
Accordingly, defendants' motion to strike must be denied.

/////

---

[4] Liberally construed, plaintiff alleges that he reported Montley's unprofessional statements to Mitchell. Thereafter, Montley and Mitchell retaliated against him by having his name added to the CACI based on fabricated statements.

12

IV. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 58) be granted;

2. All claims against defendant Gerald Huber be dismissed without leave to amend;

3. Plaintiff's Sixth and Fourteenth Amendment claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985 claim, and state law claims against defendants County of Solano, Erica Mitchell, and Cameo Motley be dismissed without leave to amend;

4. Defendants' motion to strike (ECF No. 58) is denied; and

5. This action proceed on plaintiff's § 1983 claims for violation of the First and Fourth Amendments against defendants County of Solano, Mitchell, and Motley.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE